## LEE EWING v. THE STATE.

### No. 544. Decided April 19, 1910.

**Burglary—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of burglary, it appeared that the trial court had allowed thirty days after adjournment to file statement of facts, etc., and that no additional time was allowed, a statement of facts filed after thirty days of adjournment could not be considered.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Guy Graham* and *Porter Newman,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On January 11, 1910, in the Criminal District Court of Harris County, appellant was convicted on a charge of bur-

glary, and his punishment assessed at confinement in the penitentiary for a period of two years.

The caption shows that the term of court at which the conviction was had adjourned on the 29th day of January, 1910. By order of the court duly entered appellant was allowed thirty days after adjournment of the term of court within which to file statement of facts and bills of exceptions in the case. As the record shows, no additional time in which to prepare such statement of facts and bills of exception was allowed by the court. The original statement of facts, which was filed in this court, was filed in the court below on March 8, 1910, more than thirty days after the adjournment of the term at which the conviction was obtained. We are not, therefore, under the law authorized to consider such statement of facts. In this condition of the record there is no question presented which we are authorized to review, and it must follow that the judgment should be affirmed, as is now done.

*Affirmed.*